## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

JEAN JEANINE,                    )

                                    )

        Plaintiff,           )

                                      )

        v.                   )      C.A. No. CPU6-16-000710

                                      )

VALCIN NAVA,                )

                                    )

        Defendant.       )

*Jean Jeanine, pro se, for Plaintiff.*
*Rodney D. Sweet, Esq., Attorney for Defendant.*

Submitted: October 31, 2018
Decided: December 18, 2018

## DECISION AFTER TRIAL

The Court held a bench trial on October 31, 2018, and at the close of trial, reserved decision. Based on the testimony of the parties, review of authority provided by the Defendant, the Court's independent research and the record as a whole, this Court lacks subject matter jurisdiction. Therefore, this matter is **DISMISSED WITHOUT PREJUDICE.**

## FACTUAL BACKGROUND

Valcin Nava ("Defendant") owns a shipping company called Alpha & Omega Cargo Shipping & Moving ("Company"). It is undisputed that Jean Jeanine ("Plaintiff") entered into an oral contract with Defendant to ship several boxes of Plaintiff's merchandise from her residence in Salisbury, Maryland to Saint Marc, Haiti. It is also undisputed that this agreement was the second course of dealing between the parties that involved Plaintiff contracting with Defendant to deliver merchandise to Haiti via ship.

Between June and December of 2015, Defendant made numerous trips to pick up boxes of merchandise from Plaintiff's residence in Salisbury, Maryland.[1] Defendant resides in Seaford, Delaware. During these visits to Plaintiff's residence, Defendant would load the Plaintiff's merchandise into a tractor trailer container he had purchased in order to transport the goods by sea from Brooklyn, New York to Saint Marc, Haiti. When the tractor trailer was full, Defendant hauled the trailer to Brooklyn, New York and the cargo would be shipped to Haiti.

Defendant's testimony at trial stated that he delivered the tractor trailer container to the port in Brooklyn, New York sometime in early February 2016. The shipping container was then loaded onto the Baltimar Zephyr cargo ship and set sail for Haiti shortly thereafter.[2] The Defendant informed Plaintiff that the cargo had shipped and in reliance thereon, Plaintiff traveled to Haiti to organize and sell her merchandise. After sailing for two days out of Brooklyn, New York, a fire occurred onboard the Baltimar Zephyr and Defendant's container (including Plaintiff's merchandise) was jettisoned overboard during the crewmember's attempts to fight the fire and save the ship. Plaintiff then filed this breach of contract action to recover the value of her lost merchandise, alleging Defendant never transported the goods to Brooklyn nor shipped them to Haiti.

## PROCEDURAL HISTORY

Plaintiff filed the Complaint with this Court on August 11, 2016. Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on October 17, 2016. A motion hearing was held on January 5, 2017 before the Commissioner. It is important to note that the motion hearing took place without an interpreter for the Plaintiff and without creating a sufficient record for the Commissioner to consider because of the language barrier. As a result, on February 7, 2017 the

---

[1] Plaintiff's Exhibit 2.
[2] Defendant's Exhibits 2, 3 and 5.

Commissioner recommended that the Motion to Dismiss be denied. On March 3, 2017, after neither party filed an appropriate appeal to the Commissioner's recommendation, this Court accepted the Commissioner's motion and denied the Motion to Dismiss. The Court held a bench trial on October 31, 2018, and at the close of trial, reserved decision.

## DISCUSSION

According to 28 U.S.C. § 1333, "the district court shall have original jurisdiction, exclusive...of [a]ny civil case of admiralty or maritime jurisdiction." Whether a contract lies within admiralty jurisdiction depends on "whether the principal objective of [the] contract is maritime commerce." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25 (2004). A maritime contract is "a contract relating to...commerce or navigation on navigable waters, *or to transportation by sea...*" *Baltimore Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 538 (Md. 2007) (citations omitted; emphasis added). While some lower federal courts have previously held that admiralty jurisdiction does not extend to contracts which require both maritime and nonmaritime transportation (unless the land travel is merely incidental), the Supreme Court expressly rejected this spatial approach in *Norfolk S. Ry. Co. v. Kirby* (2004). There, the Court held that if a transaction involves the substantial carriage of goods by sea, the transaction is wholly maritime in nature and federal admiralty jurisdiction applies. *Id.* at 27.

Here, the parties entered into an oral contract to ship merchandise from the United States to Haiti. Plaintiff admitted that not only was she aware of the Defendant's intended mode of transportation to transport her merchandise via cargo ship, it was the primary objective of the agreement itself. Furthermore, during their testimony at trial both parties explicitly and repeatedly stated that the sole purpose of the agreement was to transport Plaintiff's merchandise by sea to Haiti for sale in that country. While the agreement did involve minimal land travel from Maryland

to Delaware to New York, the primary objective of the agreement was to effectuate maritime commerce by transporting Plaintiff's merchandise, in Defendant's shipping container, from Brooklyn, New York to Port Au Prince, Haiti. Because the primary objective of the agreement was transportation by sea, federal admiralty jurisdiction applies.

## CONCLUSION

This Court lacks the subject matter jurisdiction to appropriately decide this case. Therefore, the matter is dismissed without prejudice.

**IT IS SO ORDERED.**

The Honorable Rosemary Betts Beauregard